UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOROTHY PERKINS for the ESTATE OF
ALICE PERKINS,

        Plaintiff,

   v.

PATRICK R. DONAHOE, Postmaster
General, United States Postal Service,
and the UNITED STATES OF AMERICA,

        Defendants.

No. 13 C 5226

Judge Thomas M. Durkin

**MEMORANDUM OPINION AND ORDER**

Dorothy Perkins ("Perkins"), pro se,[1] brings a claim against Patrick Donahoe, Postmaster General of the United States Postal Service (the "USPS"), and the United States of America, alleging that the USPS's negligent supervision of one of its employees caused the death of her mother Alice Perkins in violation of state law. R. 37. Perkins also alleges that the USPS unlawfully discriminated against her mother in violation of Title VII and the Rehabilitation Act. *Id.*[2] The USPS has moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and in the alternative, for summary judgment. R. 39. For the following reasons, the USPS's motion to dismiss is granted.

---

[1] The Court appointed counsel for Perkins on January 8, 2014. R. 27. The Court permitted appointed counsel to withdraw on May 8, 2014, due to irreconcilable differences between counsel and Perkins regarding the appropriate course of the litigation. *See* R. 34; R. 38.

[2] Perkins does not number or separately describe the claims in her complaint.

**Background**

The Court accepts all of Perkins's well-pleaded facts as true and draws all reasonable inferences in her favor. *See Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013). Perkins alleges that both she and her mother worked for the USPS at the Irving Park Processing & Distribution Center near O'Hare Airport for "several" years. R. 37 ¶ 12. On July 24, 2012, Perkins's mother "suffered a sudden massive heart-attack at work, after [an] intense verbal altercation that day with [a] co-worker" who had been harassing her mother for an unspecified period of time. *Id.* ¶ 14. Perkins alleges that her mother's "immediate supervisor was irresponsive to the altercation," and that "[h]ours passed without [anyone] having considered proper care for [her] mother." *Id.* ¶¶ 15-16. Perkins also alleges that USPS had "long-term prior knowledge of the serious ongoing . . . harassment claims," and that USPS was "aware of [her] mother's directly related recent illness absences [and] doctor visits." *Id.* ¶¶ 20-21. Perkins alleges that the USPS failed to take "adequate measures to prevent the harassment" or "to resolve the harassment claims." *Id.* ¶¶ 23-24.

**Analysis**

**I.    Negligent Supervision Claim**

   **A.    Subject Matter Jurisdiction**

Perkins claims that the USPS's negligent supervision of the employee who was harassing her mother caused her mother's death. The Court, however, does not have jurisdiction over any claim to which the Federal Employee's Compensation Act (the "FECA") applies. The FECA is the "exclusive" means to remedy any claim

against "the United States or an instrumentality thereof," like the USPS, "with respect to the injury or death of an employee," brought by "the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United State or the instrumentality." 5 U.S.C. § 8116(c). Under the FECA, "the Secretary of Labor is vested with the power to 'administer, and decide all questions arising under' the [statute] and the Secretary's action in denying or granting compensation is final, conclusive and not subject to review by a court of law." *Ezekiel v. Michel*, 66 F.3d 894, 898 (7th Cir. 1995) (quoting 5 U.S.C. § 8145; citing 5 U.S.C. § 8128(b)).

Here, Perkins seeks recovery from the USPS, "an instrumentality" of the United States, for the death of her mother who was a federal employee. As discussed, the FECA is the exclusive means of relief for such a claim, and the Secretary—not the federal judiciary—is the final arbiter of relief under the statute. Thus, the Court lacks subject matter jurisdiction over Perkins's claim, so it must be dismissed.

### B. Failure to State a Claim

Even if the Court had jurisdiction over Perkins's negligent supervision claim, the Court would dismiss it for failure to state a claim. A claim for negligent supervision requires "'(1) that the employer knew or should have known that the employee had a particular unfitness for the position so as to create a danger of harm to third persons; (2) that such particular unfitness was known or should have been known at the time of the employee's hiring or retention; and (3) that this particular

unfitness proximately caused the plaintiff's injury.'" *Helfers-Beitz v. Degelman*, 939 N.E.2d 1087, 1091 (Ill. App. Ct. 3d Dist. 2010) (quoting *Van Horne v. Muller*, 705 N.E.2d 898, 904 (Ill. 1998)). Perkins has entirely failed to allege any facts about the harassment her mother suffered from her fellow employee. Perkins does not identify the harasser, does not describe the form of harassment, and does not explain how the USPS knew about the harassment or what the USPS could or should have done to prevent the harassment. Absent such facts, Perkins has failed to "'plead[] factual content that allows the court to draw the reasonable inference that the [USPS] is liable for the misconduct alleged.'" *Mann*, 707 F.3d at 877 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).[3]

## II. Discrimination Claim

### A. Standing

Perkins also alleges that the USPS discriminated against her mother based on her mother's disability and by creating a hostile work environment. R. 37 ¶¶ 50-51. The USPS argues that the representative of a decedent's estate does not have standing to bring claims of employment discrimination on behalf of the decedent. R. 40 at 7-8. In support of this argument, the USPS cites a number of opinions from the Equal Employment Opportunity Commission denying claims for this reason. *See, e.g., Estate of Richard M. Krinsky v. Potter*, 2007 WL 715558, at *1 (E.E.O.C.

---

[3] The USPS also argues that Perkins's negligent supervision/wrongful death claim should be dismissed because she failed to exhaust her administrative remedies under the Federal Tort Claims Act. R. 40 at 5-6. It is unnecessary for the Court to reach this argument due to the Court's lack of subject matter jurisdiction, and the Court's alternative holding that Perkins has failed to state a claim.

4

Mar. 2, 2007). Additionally, several federal district courts have held that the representative of a decedent's estate may not bring a claim under the Americans with Disabilities Act because the ADA is limited to injunctive relief, but that such relief is moot for a decedent's estate. *See Estate of Mulkey v. K-Mart Corp.*, 2008 WL 2073929, at *3 (E.D. Ark. May 13, 2008) (citing *Lorenzo Font v. Francisco*, 260 F. Supp. 2d 394, 401-02 (D.P.R. 2003); *Blake v. Southcoast Health Sys.*, 145 F. Supp. 2d 126, 134-37 (D. Mass. 2001)).

The EEOC's policy, however, does not bind this Court, and several federal district courts (including a court in this District) have permitted a decedent's representative to bring employment discrimination claims on behalf of the estate. *See Coberley v. N. Cent. Tex. College*, 2009 WL 500369, at *1 n.1 (E.D. Tex. Feb. 27, 2009); *Collins v. OSF Healthcare Sys.*, 262 F. Supp. 2d 959, 962 (C.D. Ill. 2003); *Collins v. Village of Woodridge*, 96 F. Supp. 2d 744 (N.D. Ill. 2000); *Pueschel v. Veneman*, 185 F. Supp. 2d 566, 571 (D. Md. 2002); *Kulling v. Grinders for Indust., Inc.*, 115 F. Supp. 2d 828, 850 (E.D. Mich. 2000). Furthermore, damages are potentially available under both Title VII and the Rehabilitation Act, *see CTL v. Ashland Sch. Dist.*, 743 F.3d 524, 528 (7th Cir. 2014) (Rehabilitation Act); *Pickett v. Sheridan Health Care Ctr.*, 610 F.3d 434, 445 (7th Cir. 2010) (Title VII), so case law finding a lack of standing under the ADA which does not permit damages counsels in favor of standing here where damages are possible. Thus, the Court will not dismiss Perkins's discrimination claims for lack of standing.

### B. Timeliness & Failure to Exhaust

The USPS also argues that Perkins's discrimination claims on behalf of her mother's estate are untimely. A timely claim under Title VII or the Rehabiliation Act requires an employee to first exhaust her administrative remedies by bringing a complaint of discrimination to the EEOC within 45 days of the allegedly discriminatory act. *See* 29 C.F.R. § 1614.105(a); *Johnson v. Runyon*, 47 F.3d 911, 917 (7th Cir. 1995) ("An individual who believes that he or she has an employment discrimination claim against the Postal Service must initiate contact with a Postal Service employment counsellor within 45 days of the alleged discriminatory action. This deadline is construed as a statute of limitations . . . ."). Here, Perkins has attached a letter from the EEOC noting that she first contacted the EEOC on September 18, 2013. R. 43 at 64. Perkins's mother died on June 24, 2012, more than 45 days before Perkins contacted the EEOC. Thus, Perkins's claims under Title VII and the Rehabilitation Act are untimely and must be dismissed.

### C. Failure to State a Claim

Even if Perkins's claims were not untimely, the Court would still dismiss them for failure to state a claim. Title VII requires a plaintiff to allege "that he is a member of a class protected by the statute, that he has been the subject of some form of adverse employment action (or that he has been subject to a hostile work environment), and that the employer took this adverse action on account of the plaintiff's membership in the protected class." *Morgan v. SVT, LLC*, 724 F.3d 990, 995 (7th Cir. 2013). Perkins has entirely failed to allege facts that satisfy the

6

elements of a claim under Title VII. Perkins has not alleged the protected class to which her mother belonged or that the USPS took any adverse employment action against her mother. Without alleging either of these facts, Perkins also cannot allege that the USPS took an adverse action on account of her mother's membership in a protected class.

To allege a claim under the Rehabilitation Act, a plaintiff must allege that she is disabled under the statute's definition. *See Garg v. Potter*, 521 F.3d 731, 736 (7th Cir. 2008). Perkins alleges that her mother was ill, but does not allege how this illness qualified her mother as disabled for purposes of the Rehabilitation Act. Neither does Perkins describe her mother's condition such that the Court can determine whether Perkins's mother was disabled. Without such factual allegations the Court cannot infer that the USPS is liable under the Rehabilitation Act.

**Conclusion**

For the foregoing reasons, Defendants' motion, R. 39, is granted, and Perkins's claims are dismissed. The claims are dismissed with prejudice because the Court's lack of subject matter jurisdiction over Perkins's negligent supervision claim, and Perkins's failure to timely seek relief under Title VII and the Rehabilitation Act, are not curable deficiencies.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: August 4, 2014